## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DEREK LEE KIRGAN,** | ) | |
| **Y24252,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 23-cv-1992-DWD** |
| | ) | |
| **AMY McLEAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**DUGAN, District Judge:**

Plaintiff Derek Lee Kirgan, a detainee or inmate at the Marion County Jail (Jail)[1], brought this civil rights action pursuant to 42 U.S.C. § 1983 concerning medical care that he sought and received at the Jail.  Defendant McLean filed a Motion for Summary Judgment (Doc. 24) on the issue of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  Plaintiff was advised of his opportunity to respond (Docs. 26-27, 29), but did not respond.  Regardless, there is a genuine dispute about if Plaintiff exhausted his administrative remedies so the Motion (Doc. 24) will be denied, and the Defendant will have the opportunity to request an evidentiary hearing.

---

[1] At the time of filing this case, Plaintiff was still detained in a county jail in Illinois (Doc. 1), but  he has since been transferred to the custody of the Illinois Department of Corrections (IDOC) and is currently located at Western Correctional Center (Doc. 22).

## BACKGROUND

Plaintiff alleged in his Amended Complaint (Doc. 9) that between April and May of 2023, he was housed at the Jail and was informed he had a spider bite. He claims that he later learned he actually had a severe staph infection on his face. Plaintiff alleges that Defendant Nurse Amy McLean saw the infection but failed to offer any treatment. (Doc. 12 at 6). Also in the Amended Complaint, Plaintiff explained that the Jail has a four-step grievance process, and he indicated he had followed all four steps. (Doc. 9 at 4).

Based on the allegations in the Amended Complaint, the Court designated one claim:

**Claim 1:**     Eighth or Fourteenth Amendment deliberate indifference claim against Defendant McLean for refusing medical treatment or intervention for Plaintiff's staph infection in April and May of 2023.

(Doc. 10 at 2).

Defendant McLean moved for summary judgment, and in support of her motion she submitted the Jail handbook, Plaintiff's relevant grievance documentation, and an email exchange wherein an individual indicated Plaintiff had not exhausted the fourth step of the grievance process. (Docs. 24, 24-1, 24-2, 24-3). Plaintiff sought counsel and an extension of time to respond. (Docs. 25, 28). His request for counsel was denied, but he was afforded extra time to file a response. (Docs. 27, 29). Plaintiff still has not responded.

## FINDINGS OF FACT

The Jail handbook describes the grievance process as follows:

All detainees have the right to file complaints, grievances or requests. If a detainee has a problem, it should first be brought to the attention of the

officer on duty.  If there is no resolution to the problem, the detainee may request a Grievance Form, which will be referred to the Jail Investigator/Jail Sergeant.  If there is no resolution, the detainee should send the grievance to the Jail Administrator.  The final step in the appeal will be to the Sheriff, whose decision is final.

(Doc. 24-1 at 4).

The grievance records submitted both by Plaintiff in support of his original complaint, and by Defendant in support of her Motion, include multiple grievances that plainly discuss Plaintiff's wound or infection and his desire for care.  For example, in a May 3, 2023, grievance Plaintiff wrote, "face has been spider bitten, getting worse.  Saw nurse received meds, but aren't working yet.  Would like Dr. visit."  (Doc. 24-2 at 12).  In response the Jail Administrator wrote:

I spoke with the Jail nurse and she said it wasn't a spider bite.  It's a sta[ph] infection is what she said.  She also noted that she spoke with you yesterday and you mentioned that it was getting better but still itched a bit.  She was going to get you some cream for the itching.

(Doc. 24-2 at 12).  This exchange was labeled as a "step 3" grievance.

Again on May 21, 2023, Plaintiff filed a grievance about his infection.  He wrote:

My staph infection on my ears is not getting any better.  And the nurse will not prescribe me any antibiotics and she knows it is staph infection.  Can I please get some help please.  I do not understand why I am being refused medicine.  The nurse diagnosed me but told me she did not want to prescribe me antibiotics for fear that I may get diarrhea.  I would rather have the sh*** than staph infection.  Please help me Mr. Kevin Cripps.

(Doc. 24-2 at 8-9).  Plaintiff circled the Step 4 designation on this grievance, but in response someone wrote, "this is Step 3, not 4.  Given to JA Reed."  (Doc. 24-2 at 8).

In a response dated May 23, 2023, Plaintiff's grievance was addressed:

> I JA Reed went to speak with Mr. Kirgan about his issues of a staph infection.  The Nurse told him that she didn't know what he had but he told her it was a spider bite which was not true.  Later diagnosed as staph infection.  He was given some antibiotics for the issue.  Nurse Dawn told him quit picking at the sores and use good hygiene.  Now it has spread to his foot.  I was told by the nurse that when he uses the phone he would use his sock and put it over the receiver so it wouldn't spread to anyone else.  The sores are in his ears.  Then he puts his sock back on so his foot is infected.  Mr. Ricky Norwood had mention this to the nurse.  Sgt. Carter pulled him out of C block and put him into med iso and he was requesting his med records to review them as soon as possible.

(Doc. 24-2 at 10).

In support of the Motion for Summary Judgment, the Defendant appended an email between Kyle Monical, an employee at the Jail, and defense counsel's paralegal. (Doc. 24-3 at 1-2).  In the email, the paralegal inquired as to if Plaintiff appealed any grievances to the Sheriff, and Monical responded "there were not any grievances appealed to the Sheriff."  (*Id.*).

A document that Plaintiff attached to his original complaint was on letter head for the Marion County, Illinois Sheriff.  The letterhead indicates that in May of 2023, Kevin Cripps was the Sheriff, and Kyle Monical was an investigator with the Marion County Sheriff's Office.  (Doc. 1 at 9).

CONCLUSIONS OF LAW

A.  Legal Standards

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a).  In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party.  *Apex*

*Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). Courts generally cannot resolve factual disputes on a motion for summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal quotation marks and citation omitted). However, when the motion for summary judgment pertains to a prisoner's failure to exhaust administrative remedies, the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). After hearing evidence, finding facts, and determining credibility, the court must decide whether to allow the claim to proceed or to dismiss it for failure to exhaust. *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). The court is not required to conduct an evidentiary hearing if there is no genuine dispute of material fact, and the determination is purely legal. *See e.g., Walker v. Harris*, 2021 WL 3287832 * 1 (S.D. Ill 2021); *Miller v. Wexford Health Source, Inc.*, 2017 WL 951399 *2 (S.D. Ill. 2017).

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d at 740. "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022,

1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

As an inmate or detainee at the Marion County Jail, Plaintiff was required to follow the grievance procedure set forth in the Jail's handbook. That procedure required Plaintiff to follow four steps, with the final step being an appeal to the Sheriff.

B.   Analysis

The Court finds that the Motion for Summary Judgment cannot be granted on paper because there is a genuine dispute about if Plaintiff appealed any of his grievances to the fourth step of the process—an appeal to the Sheriff. The Defendant contends that Plaintiff did not appeal to the Sheriff by reference to paper grievance records and an email exchange with Kyle Monical. (Doc. 24-3). However, Plaintiff contended in his sworn complaint that he utilized all four steps of the grievance process (Doc. 9 at 4). At the summary judgment phase on the exhaustion of administrative remedies, a statement by a pro se litigant in a signed pleading can be treated as if it were made in a sworn affidavit, and it may be sufficient to create a genuine dispute of fact. *See e.g., Lynch v. Corizon*, 764 Fed. App'x 552 (7th Cir. 2019); *Gil v. Wilson*, 2012 WL 6509074 at * 1 (N.D. Ind. Dec. 11, 2012) (if party with personal knowledge makes specific factual assertions in a pleading and verifies those under the penalty of perjury, the factual assertions may be considered as evidence just as if contained in an affidavit).

In addition to Plaintiff's firm assertion in his amended complaint that he proceeded through all four steps of the grievance process, there are also multiple grievances in the exhibits submitted by the defendants that show Plaintiff repeatedly

attempting to utilize the grievance process for his infection.  There is a May 21, 2023, grievance that Plaintiff appears to have marked as a Step 4 appeal, though jail staff appear to have re-designated it as a Step 3 grievance and re-directed it to the Jail Administrator. (Doc. 24-2 at 8).  The grievance that was redesignated by Plaintiff contained a plea directly to Sheriff Cripps, so it appears he believed and intended for this to be a Step 4 appeal, regardless of whether it was procedurally appropriate.  (Doc. 24-2 at 8-9).  This grievance came in the midst of multiple grievances initiated in mid-May, and it also came after Plaintiff had already proceeded through Step 3 on at least one other grievance which he originally filed on May 3, 2023, and which got a Jail Administrator response on May 5, 2023.  (Doc. 24-2 at 12).  Against this backdrop, there appears to be a genuine dispute about if Plaintiff ever properly completed all four steps of the grievance process.

Defendant McLean also argues that Plaintiff's grievances were vague, did not identify her by name, and did not clearly complain of conduct that aligns with the timeframe specified in the complaint.  These arguments are unavailing.  McLean admits in her own statement of facts that she worked at the jail during the relevant timeframe of Plaintiff's complaint.  (Doc. 24 at 2, ¶ 2).  Plaintiff was booked into the Jail on April 21, 2023 (Doc. 24 at 2, ¶ 1).  Plaintiff's complaint alleges medical trouble in April and May of 2023 (Doc. 9 at 6), and the relevant grievances were filed throughout the month of May (Doc. 24-2).  It is hard to understand against this backdrop how McLean could argue that the grievances were vague, did not align with the complaint, or may not have plausibly related to her conduct.  McLean also argues that he references another nurse in his complaint (Doc. 24 at 5), but this is simply inaccurate as Plaintiff's one paragraph

complaint plainly names only McLean (Doc. 9 at 6).  Therefore, the evidence does not support a finding that Plaintiff failed to exhaust his remedies on any of these alternative grounds identified by McLean.

Defendant McLean shall have 14 days to file a Motion for a Hearing on the Exhaustion of Administrative remedies, or to withdraw the affirmative defense of failure to exhaust.

## DISPOSITION

Defendant's Motion for Summary Judgment on the issue of exhaustion (Doc. 24) is **DENIED**.  Defendant must file a notice within fourteen days (14) of this Order either withdrawing the affirmative defense of exhaustion or asking for a *Pavey* hearing.

**IT IS SO ORDERED.**

Dated: July 18, 2024                                  /s *David W. Dugan*

_____

DAVID W. DUGAN
United States District Judge

## NOTICE TO PLAINTIFF

This Order is an initial decision that you have presented enough evidence to refute the defendant(s) arguments about the exhaustion of administrative remedies for your claims in this lawsuit.  The defendant(s) now have the choice to withdraw their exhaustion argument, or to ask for a hearing to give more evidence about this issue.  If the defendants withdraw the defense, you will get a scheduling order for next steps on the merits of your claims.  If the defendants ask for a hearing, you will get an order that will explain next steps to prepare for the hearing.  Any hearing will be limited strictly to the 'dispute(s) of material fact' specifically identified in this Order.  You will not need to present evidence

on anything other than what is specifically identified.  If a hearing is scheduled, you will be allowed to present evidence and testimony on your own behalf.  Details about a future hearing will be provided by future order if one is scheduled.  You do not need to do anything now.  The Defendants have 14 days to file a motion about what they want to do.  You will get a copy of that motion, and you will get further instructions once the Defendants have filed their motion.  Please be aware that there can be delays in the mailing of copies, so you should wait at least 30 days before asking for the status of this matter.